```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| IN RE:<br><br>BONNIE FIORELLA,<br><br>        Debtor.<br>_____<br><br>BONNIE FIORELLA,<br><br>        Appellant,<br><br>   v.<br><br>AMERICAN INFOSOURCE, LP,<br><br>        Appellee. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-3255 (JBS)<br><br>ON APPEAL FROM AN ORDER OF THE<br>UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>[Case No. 13-22318 (JHW)]<br><br>**OPINION** |

APPEARANCES:

Nicholas S. Herron, Esq.
Wasserstrum & Herron, LLP
205 W. Landis Avenue
Vineland, NJ 08360
    Attorney for Appellant Bonnie Fiorella

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

This action comes before the Court on Bonnie Fiorella's ("Debtor" or "Appellant") unopposed appeal from Bankruptcy Case No. 13-22318, in which the Bankruptcy Court issued an order on April 24, 2014 denying Debtor's motion to expunge a proof of claim filed by American InfoSource, LP ("AIS"), as an agent on behalf of Midland Funding LLC ("Midland"), an assignee of one of

Debtor's past due credit card accounts originally held by Citibank USA N.A. ("Citibank"). In the Order, Bankruptcy Judge Judith Wizmur rejected Debtor's argument that AIS lacked standing to file a proof of claim because the assignment of Debtor's credit card debt from Citibank to Midland is unenforceable under New Jersey law. For the following reasons, the Bankruptcy Court's order is affirmed.

**II. BACKGROUND**

On June 3, 2013, Debtor filed a petition under Chapter 13 of the Bankruptcy Code. Prior to filing, Debtor incurred debts on various credits cards. Debtor's Plan contemplated a one hundred percent distribution to unsecured creditors. On October 15, 2013, Debtor challenged three specific claims and filed motions to expunge. Only Debtor's motion to expunge the claim of AIS as agent for Midland (Claim # 5-1) is subject to the instant appeal. The Bankruptcy Court permitted discovery regarding the contested claims. Debtor received responses to her requests for production of documents and interrogatories. On December 30, 2013, Debtor testified under oath that she has never had any contact with or received any notification from Midland. AIS did not oppose Debtor's motion to expunge.

Debtor never contested the validity of the underlying debt. On April 16, 2014, the Bankruptcy Court issued a letter opinion denying Debtor's motion to expunge AIS's claim. On April 24,

2014, Judge Wizmur entered an Order consistent with the earlier letter opinion, which Debtor timely appealed. AIS has not entered an appearance in the instant appeal, nor filed opposition.[1] This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1) and will proceed to the merits.[2]

**III. STANDARD OF REVIEW**

Bankruptcy Rule 8013 provides that a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The Rule further provides that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr.

---

[1] Noting that AIS had not entered an appearance, by letter order dated September 17, 2014 and addressed to Debtor's counsel, the Chapter 13 Standing Trustee, and Lovetta Walls of AIS, the Court directed AIS to enter an appearance and inform the Court within ten days whether it opposes Debtor's appeal. [Docket Item 7.] AIS failed to respond in any manner. As such, the Court deems this appeal unopposed.

[2] Many courts in this District have considered the merits of unopposed bankruptcy appeals. See, e.g., Prowse v. Nwankwo, Civ. 14-1270 (SDW), 2014 WL 1767590, at *1 n.1, *3 (D.N.J. May 2, 2014) (denying appellant's unopposed bankruptcy appeal); Cho v. Han-Hsien Tuan, Civ. 13-3267 (WJM), 2013 WL 6231348, at *1 (D.N.J. Dec. 2, 2013) (granting appellant's unopposed bankruptcy appeal); In re Dimogerodakis, Civ. 10-0004 (KSH), 2011 WL 1362342, at *1 (D.N.J. Apr. 11, 2011) (denying appellant's unopposed bankruptcy appeal).

P. 8013. Essentially, the district court must "review the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." In re Am. Pad & Paper Co., 478 F.3d 546, 551 (3d Cir. 2007) (quotation omitted).

## IV. DISCUSSION

Appellant argues that the Bankruptcy Court failed to apply the appropriate legal standards of assignment under New Jersey law and erred by relying on documents inadmissible under the rules of evidence. The crux of Appellant's argument is that Citibank's assignment of her credit card debt to Midland is invalid and unenforceable under New Jersey law, and thus AIS, as an agent of Midland, lacked standing to file a proof of claim in Appellant's bankruptcy proceedings. The Court will uphold the Bankruptcy Court's factual and legal findings because there is sufficient information in the record to verify AIS's proof of claim, and Appellant has failed to identify any legal authority that contradicts Judge Wizmur's determination that New Jersey law does not require notice to the cardholder for an assignment of credit card debt to be enforceable.

The Court first considers Appellant's contention that the Bankruptcy Court erred by adopting a lesser evidentiary standard than applied by New Jersey courts.

4

A creditor's proof of claim is deemed allowed upon filing, unless a party in interest objects. 11 U.S.C. § 502(a). "A proof of claim executed and filed in accordance with [Fed. R. Bankr. P. 3001] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). "[A] proof of claim that alleges sufficient facts to support liability satisfies the claimant's initial obligation to proceed, after which the burden shifts to the objector to produce sufficient evidence to negate the prima facie validity of the filed claim." In re Lampe, 665 F.3d 506, 514 (3d Cir. 2011) (citing In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992)). "Nevertheless, the claimant always has the burden of persuasion in a contested proceeding." Id. 11 U.S.C. § 502(b) provides statutory grounds for disallowance of a claim, including that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

Effective December 1, 2012, an amendment to Rule 3001(c) explicitly identified the filing requirements for open-ended or revolving consumer credit agreements. "After the 2012 amendment, the focus of the claimant's obligation under [Rule 3001] has shifted from the attachment of documents to the disclosure of particular information regarding the credit card account that

5

the drafters of the Rule deemed most pertinent in the assessment by the debtor (or trustee) of the validity or proper amount of the claim." In re Umstead, 490 B.R. 186, 195 (Bankr. E.D. Pa. 2013). As amended, Rule 3001(c)(3) provides as follows:

> (3) Claim based on an open-end or revolving consumer credit agreement
> (A) When a claim is based on an open-end or revolving consumer credit agreement--except one for which a security interest is claimed in the debtor's real property--a statement shall be filed with the proof of claim, including all of the following information that applies to the account:
> (i) the name of the entity from whom the creditor purchased the account;
> (ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
> (iii) the date of an account holder's last transaction;
> (iv) the date of the last payment on the account; and
> (v) the date on which the account was charged to profit and loss.
> (B) On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision.

Fed. R. Bankr. P. 3001(c)(3). As such, Rule 3001 now "requires only disclosure of the identities of the original creditor and the entity that transferred the account to the claimant." In re Umstead, 490 B.R. at 196. The rule does not require exhaustive disclosure of the intermediate transferors and transferees. Id. "In short, under the amended rule, a proof of claim without a complete description of the chain of title may be entitled to

*prima facie* evidentiary effect, if the disclosure[s] satisfy Rule 3001(c)(3)(A)(i)-(v)." Id.

In the present action, as noted by the Bankruptcy Court, AIS properly disclosed the following: (1) Citibank is the entity from whom Midland purchased Debtor's account and AIS serves as an agent for Midland; (2) Citibank is the entity to whom the debt was owed at the time of Debtor's last transaction on the account; (3) April 2, 2009 was the date of Debtor's transaction on the account; (4) April 2, 2009 was the date of the last payment on the account; and (5) November 24, 2009 was the date on which the account was charged to loss. AIS also provided a statement of the principal, interest, fees, and costs related to the account pursuant to Rule 3001(c)(2)(A). AIS further identified the last four digits of the account number, Debtor's name and the last four digits of her social security number, and the opening date on the account. Accordingly, the Court finds that AIS satisfied the disclosure requirements under Rule 3001. Appellant does not dispute that the above information was disclosed or challenge its accuracy. Instead, Appellant contends that the amendments to Rule 3001 resulted in a lesser evidentiary burden than applicable under New Jersey law without citation to any persuasive authority.

The Court finds meritless Appellant's argument that AIS failed to submit competent evidence demonstrating the full chain

7

of the assignment as required by New Jersey Court Rule 6:6-3(a) pertaining to default judgment. Rule 6:6-3(a) is a procedural rule inapplicable to the instant bankruptcy proceeding. As discussed above, Fed. R. Bankr. P. 3001, as amended, provides the relevant procedures for filing a proof of claim and specifically delineates the requirements for claims involving open-ended or revolving consumer credit agreements, which AIS satisfied in this case. To the extent Appellant argues that AIS's claim is unenforceable under substantive New Jersey law, the Court considers this argument below in addressing the validity of an assignment of credit card debt without notice to the debtor.

Appellant contends that Midland's claim is invalid and unenforceable under New Jersey law because the assignment of her credit card debt was not clear on its face and she never received notice of the assignment.

"The 'basic federal rule' in bankruptcy is that state law governs the substance of claims." Raleigh v. Illinois Dept. of Revenue, 530 U.S. 15, 20 (2000). Under New Jersey law, "[a] valid assignment must contain clear evidence of the intent to transfer the person's rights and 'the subject matter of the assignment must be described sufficiently to make it capable of being readily identified.'" Berkowitz v. Haigood, 256 N.J. Super. 342, 346 (Law Div. 1992). Moreover, "the obligor must be

8

properly notified of the existence of the assignment" before he or she is obligated to pay the assignee. Id.; Russell v. Fred G. Pohl Co., 7 N.J. 32, 40 (1951); Spilka v. S. Am. Managers, Inc., 54 N.J. 452, 462 (1969); Main St. Acquisition Corp. v. NeMeth, A-1608-12T4, 2014 WL 1326592, at *2 (N.J. Super. Ct. App. Div. Apr. 4, 2014).

However, courts in New Jersey have held that a lack of notice will not invalidate an assignment.[3] Moorestown Trust Co. v. Buzby, 109 N.J. Eq. 409, 411 (Ch. 1932) (finding that a creditor has the right to assign a debt without the assent of the debtor and "[n]otice of the assignment to the debtor adds nothing to the right or title transferred"). It is clear simply that, upon receiving notice of the assignment, payment to the

---

[3] The cases identified by Appellant do not support a contrary conclusion because none addressed situations where notice was lacking. See Washington Mut. Bank, F.A. v. Teodorescu, A-1778-04T2, 2005 WL 3108231, at *4 (N.J. Super. Ct. App. Div. Nov. 22, 2005) (finding no legal deficiency in assignment of mortgage where the assignment was clear and unequivocal and defendant received notice); Berkowitz v. Haigood, 256 N.J. Super. 342, 347 (Law Div. 1992) (noting that obligor was properly notified of the assignment and therefore had the duty to pay the assignee); Tirgan v. Mega Life & Health Ins., 304 N.J. Super. 385, 391 (Law Div. 1997) (finding that notice was "not an issue" where assignee directly received payments from obligor). As noted, infra, these cases only stand for the proposition that notice establishes the duty of the obligor to pay the assignee. Notice does not affect the validity of the assignment itself. Moreover, the Court is unpersuaded by Appellant's attempt to distinguish In re Rosen, 66 F. Supp. 174 (D.N.J. 1946), aff'd, 157 F.2d 997 (3d Cir. 1946) and Hirsch v. Phily, 4 N.J. 408 (1950). Both considered the validity of an assignment without notice to the debtor, which is precisely the question presented here.

assignor will not relieve the debtor of her obligations to the assignee. Canger v. Dorine Indus. Park P'ship, A-4743-02T2, 2005 WL 309928, at *7 (N.J. Super. Ct. App. Div. Jan. 14, 2005) ("'[O]nce the obligor is on notice of the assignment, a duty of payment to the assignee' arises and 'payment to any other will not relieve him or her of liability to the assignee.'") (quoting Spilka v. South Am. Managers, Inc., 54 N.J. 452, 462 (1969)). Accordingly, notice to the debtor is not required for a valid assignment of accounts receivable such as Debtor's past due credit card account. New Century Fin. Servs., Inc. v. Oughla, A-6078-11T4, 2014 WL 4290328, at *8 (N.J. Super. Ct. App. Div. Mar. 5, 2014) (rejecting defendants' argument that lack of notice of the assignments to the account holders is fatal to plaintiffs' claims); In re Rosen, 66 F. Supp. 174, 178 (D.N.J. 1946), aff'd, 157 F.2d 997 (3d Cir. 1946) ("[A]n assignment [of an account receivable] is valid without notice."); Hirsch v. Phily, 4 N.J. 408, 414 (1950) ("The validity of these assignments . . . is in no way affected by the fact that . . . no notice of the assignment was given to the customers concerned.").

    Debtor's argument that she was unaware of the assignment of her credit card debt does not invalidate the assignment from Citibank to Midland, nor does it provide a basis to expunge AIS's claim. Importantly, Debtor does not dispute the validity

of the underlying debt and, as discussed above, there is sufficient information in the record to link AIS's proof of claim with the debt indicated in Debtor's schedules. As properly noted by the Bankruptcy Court, Debtor acknowledged the assignor, Citibank, as a debt on her schedules, and she listed Midland as an assignee of Citibank. The amount identified by Debtor, $2,214, appears consistent with the amount on AIS's proof of claim, $1,854.97, plus 6% interest. Therefore, the Court will affirm the Bankruptcy Court's denial of Debtor's motion to expunge the proof of claim filed by AIS on behalf of Midland.

**V. CONCLUSION**

For the foregoing reasons, the Court will affirm the Bankruptcy Court's April 24, 2014 Order. An accompanying Order will be entered.

**November 26, 2014**              **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                   Chief U.S. District Judge